IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Keith O'Brian Williams, | C/A No. 9:16-2713-JFA-BM |
| Petitioner, | |
| v. | |
| | **ORDER** |
| Warden of Tyger River Correctional Inst., | |
| Respondent. | |

Kieth O' Brian Williams ("Williams"), proceeding *pro se*, filed an action pursuant to 28 U.S.C. § 2254, seeking certain habeas relief.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. By Order dated August 4, 2016, the Magistrate Judge gave Williams the opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. (ECF No. 5). Additionally, the Magistrate Judge specifically informed Williams that failure to timely provide the necessary information would subject the case to dismissal. *Id.* Despite this warning, Williams failed to provide a response to the proper form order, or contact the court.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Williams' petition should be dismissed without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

prejudice for failure to bring the case into proper form. (ECF No. 9).  The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.  Williams was advised of his right to object to the Report, which was entered on the docket on September 8, 2016.  Williams did respond to the Report, citing a lack of time to acquire the $5.00 application fee. (ECF No. 11).  However, Williams was given ample time to secure the $5.00 needed and was also advised of his ability to complete an application to proceed *in forma pauperis*. (ECF No. 5). Apart from this, Williams failed to file any specific objections to the Report.  In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  Accordingly, the Court adopts the Report and Recommendation. (ECF No. 9).  Williams' petition in this case is dismissed without prejudice for failure to timely file the necessary documentation. *See* Fed. R. Civ. P. 41. The Court would like to clarify that because this action is dismissed without prejudice, Williams is free to re-file this action assuming that he complies with all applicable rules and procedures, including paying the requisite $5.00 fee or applying to proceed *in forma pauperis*.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

IT IS SO ORDERED.

November 10, 2016                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."